Henry H. Sheip Manufacturing Co. v. Commissioner.
Henry H. Sheip Mfg. Co. v. Commissioner
Docket No. 20593.
United States Tax Court
1949 Tax Ct. Memo LEXIS 121; 8 T.C.M. (CCH) 673; T.C.M. (RIA) 49184; July 29, 1949
*121 Paul N. Weiner, Esq., 285 Madison Ave., New York, N. Y., for the petitioner. W. Morgan Hunter, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Deficiencies in petitioner's income taxes for 1943 and 1945 in the respective amounts of $5,470.94 nd $2,996.87 all of which are in issue were determined by respondent. The sole question is petitioner's basis for bonds it sold in 1945 and upon which it reported a smaller gain than respondent determined to be proper. 1943 is involved only by reason of a net loss carryback which it is agreed will stand or fall according to the disposition of the issue as it relates to 1945. All of the facts were submitted upon a stipulation of the parties and exhibits. They are hereby found accordingly. [The Facts] Petitioner, a Pennsylvania corporation, filed its tax returns for the years in question with the Collector of Internal Revenue for the first district of Pennsylvania. In the 1945 return it reported a gain from the sale of Baltimore & Ohio Railroad bonds in the amount of $518.75. This was computed by deducting from the selling price of $23,081.25 a claimed basis of $22,562.50. In 1931 petitioner purchased *122 for $40,300 the predecessors of a part of the bonds in controversy. These were refunded in 1933 by payment of $20,000 in cash and the issuance of $20,000 face amount of other bonds which are stipulated to have had at that time a fair market value of $6,737.50. In 1940 the terms of these bonds were modified pursuant to a decree of the United States District Court. Petitioner's bonds were altered to conform to these changes and thereupon returned to it. At that time these bonds and others which petitioner had purchased in the meantime for $2,262.50 had a fair market value of $5,454.75. Petitioner computed its basis by adding to its original unrecovered cost of $20,300 the amount of $2,262.50 just referred to. Respondent determined the deficiency for 1945 by adopting as petitioner's basis the 1940 fair market value of $5,454.75. [Opinion] The narrow question, of course, is whether the alteration of the bonds in 1940, or possibly their exchange in 1933, resulted in the recognition of gain or loss so as to impute to them a new basis of fair market value at that time. Passing the difficulty of considering the 1940 transaction an "exchange," see , *123 affirmed (C.C.A., 6th Cir.), , respondent concedes that the question is the same as that considered and decided adversely to his contention in , affirmed (C.C.A., 2nd Cir.), . He urges merely that that case and others which followed it, such as , were incorrectly decided. We remain unconvinced. (June 14, 1949). On the strength of the authorities cited, the issue must be decided for petitioner. To permit adjustment for the net loss carryback, Decision will be entered under Rule 50.