740

Temple E. REGGIO

v.

The UNITED STATES.

No. 49368.

United States Court of Claims.

June 5, 1957.

John Lewis Kelly, Washington, D. C., for plaintiff. Frank J. Maguire, Albrecht, Maguire, Heffern & Gregg, Buffalo, N. Y., and H. Burlin Texier, Washington, D. C., were on the briefs.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This is a suit for refund of income taxes for the year 1944.

Plaintiff was a stockholder in S. C. Parker and Company, Inc., which in October 1944 was liquidated and its assets distributed to its stockholders, including plaintiff. The transaction comes within the provisions of section 112(b)(7) of the Internal Revenue Code of 1939, as added by the Act of 1943, 58 Stat. 21, 26 U.S.C.A. § 112(b)(7) so that plaintiff, for tax purposes, stands in the shoes of the corporation.

This company owned bonds in the face amount of $77,000 of the International Railway Company. The Railway Company, having experienced difficulty in meeting the 5 per cent interest payments on its bonds, devised a plan whereby the bondholders would consent to a reduction to 3 per cent in the interest rate until such time as the company had sufficient earnings to again pay the full rate and the accumulated unpaid 2 per cent.

A majority of the bondholders agreed to the plan and their bonds were stamped with an appropriate endorsement, but the Parker Company refused to consent to it until in September 1942 the Railway Company agreed to pay to it $100 for each $1,000 face amount of the bonds held by it, as an inducement for its consent. Its consent was given and $7,700 was paid to the Parker Company.

The question presented is whether this payment was income or a return of capi-

tal. The amount was entered on the company's books as a return of capital, thus decreasing the cost of the bonds, as carried on the books of the company. If, in fact, this amount was income, it should have been carried as a part of earnings accumulated up to the time of liquidation, and, when plaintiff received her proportionate amount of the assets upon liquidation, she was obligated to report her ratable share of the $7,700 as taxable income.

We think that the amount received by the Parker Company, in return for its consent to the reduction in the interest rate was not a return of capital, but was taxable income under the provisions of section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a). It was received in lieu of interest. Perhaps more accurately stated, it was received in consideration of the Parker Company's agreement to reduce the interest rate. Had the Parker Company not consented to the agreement, the Railway Company would have been obligated to pay the full 5 per cent interest on the bonds held by it. In order to induce the Parker Company to accept a lesser amount of interest, it paid the amount of $100 on each bond. This payment was made in lieu of the payment of interest, and it should be treated as such.

It could not be a return of capital, because the face of the bonds remained exactly the same as they were before. When the bonds became due, the holder was entitled to receive their full face value.

The fact that their market value may have been reduced by the reduction in the interest rate is of no significance. Fluctuations in market value are never to be accounted for in the computations of net income subject to tax until the gain or loss becomes an accomplished fact. The $7,700 cannot be treated as a reimbursement for a loss on the bonds until the loss is sustained, by a sale of the bonds or otherwise.

The facts in the case at bar and in the cases in the Tax Court relied on by plaintiff (Union Pacific Railroad Co. v. Commissioner, 14 T.C. 401; Sheip Mfg. Co., v. Commissioner, 8 T.C.M. 673, and others) are altogether different. In those cases there was a reissue of bonds to all bondholders on the same basis. In this case there was merely a temporary reduction in interest; there was no reissue; the old bonds were stamped with an endorsement. All the bondholders agreed to the plan except the Parker Company, and a few others. The payment in question was made only to it and to a few others; it was not made to all bondholders. The transaction could not possibly be considered an exchange of one issue of bonds for another, which were the cases with which the Tax Court was concerned.

The payment was made as an inducement to the agreement to a reduction in interest, and is income quite as much as the waived interest would have been.

Plaintiff is not entitled to recover, and her petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.